OPINION OF ‘THE COURT — by the
Hon. POWHATTAN ELLIS.
This is an action of trespass: plea not guilty, and issue joined. This cause was tried before Mr. Justice Stockton, at the January special term of 1824. It was proved by the plaintiff, that the negro slave upon whom the trespass was alleged to have been committed, was at the time of said trespass, the property of the plaintiff; but that when the trespass was committed on the 20th of July 1822 — the negro was hired to John Forsyth fov *173 the term of one year, from the 1st day of January 1822, till the 1st day of January 1823, and was on the 20th of July, 1822, in the possession of the said John Forsythe — and was also in his possession when this action was instituted.
Upon the above stated case, the defendant’s' counsel moved the court to instruct the jury, as in case of a non suit, upon the principle, that ■trespass would not lie, an outstanding, unsatisfied term, or qualified right of property, being in John Forsyth at the time the trespass was alledged and proven to have .been committed. But the court refused to instruct the jury as prayed for, and charged them, that to entitle the plaintiff to recover'in an action of trespass, he must have either the actual possession or a constructive possession — That the action of trespass in this case is well founded, the master, although not in the actual possession of the property, still has such a constructive possession, as will entitle him to recover, if his testimony supports the other requisites of the action. To which opinion of the court the counsel excepts, &c.
We think Brother Stockton, who ruled this case below, was mistaken in his opinion of the Law. The true distinction between trespass and case, will be found to be this: — Where “the immediate act itself occasions a prejudice, or is an injury to the plaintiff’s person, house, land,” or personal property; the action should be trespass if it arises — and where the act itself is not an injury: but a consequence from that act is prejudicial to the plaintiff’s person, house, land, or personal property, the remedy is by an action on the case. 2d Raymond, 1402. If this be the correct rule I have laid down, the plaintiff cannot recover in this form of action, because John Forsyth had a special or qualifiéd property in the negro slave, upon whom the trespass is alleged to have been committed, which right of property would have enabled him to sue in trespass for the injury he sustained, being immediately prejudiced by the lawless aggression committed on his qualified right of property in said negro slave, on the 20th day of July, 1822. If Smith was liable to Forsyth in this form of action for the violence of his unjust acts, — Me Farland had no right to recover. For it would be inconsistent to say, that two individuals could bring trespass against the same person for the same tort. The case resolves itself into this rule: — If an individual hires a slave for a given time, and he is inter *174 rupted in his possession by the acts of another, he is entitled to his action of trespass — and if the injury extends to the reversionary interest of the owner of the absolute property, he Gan have his action of trespass on the case for the consequential damages. This action is founded on possession, and no one can maintain trespass, unless he has actual or constructive possession at the time. He must at least have such a right as to enable him to reduce his property into immediate possession. 8 Johnson, 435. In a very late case, decided in the court of common pleas in England, (Hopper vs. Reeve, 7 Taunton,) Sir Victory Gibbs, chief justice, recognized this principle of the law. The case of a common carrier is not in point — his possession is the possession of the owner, while that of the hirer is as complete for all the purposes of satisfying the contract of hire, as if he had been in possession by absolute right of property. Then as McFarland, the plaintiff, could not reduce Charles, the slave mentioned in the declaration, into possession, on the 20th July, 1822, he has no right to bring trespass. The statute of Jeoffaials will not cure this defect. In the 91st section of the circuit court law, it is said, no judgment after a verdict of twelve men, shall be stayed-or reversed for any defect, &c. for not alleging that the property in the declaration mentioned, is the property of the plaintiff, or for any mistake or misconception of the form of action; or for any other defect whatsoever in the declaration or pleading whether of form or substance which might have been taken advantage of by demurrer. What is to be taken advantage of by way of demurrer before verdict? It is for not alleging that the property in the declaration mentioned is the property of the plaintiff; or for any mistake or misconception of the form of action; or for any other defect whatsoever) in the declaration or pleading whether of form or substance, which might have been taken advantage of by a demurrer, clearly shewing, that no defect can be cured by a verdict, except so. far as it relates to the pleadings, (and not to the evidence introduced by either party,) and which might have been taken advantage of by way of demurrer. The defendant in this case could not demur to the pleadings, because they appear to be correct.
Judgment below reversed-, and venire facias denovo awarded.